**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 10-5174**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRAD VENSON WILSON,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Henry F. Floyd, District Judge.
(8:09-cr-01209-HFF-1)

─────────

Submitted:  September 27, 2011      Decided:  October 5, 2011

─────────

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

─────────

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

─────────

Lora E. Collins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.   Leesa Washington, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brad Venson Wilson pled guilty to possession with intent to distribute fifty or more grams of crack cocaine, 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) averring that no meritorious issues for appeal exist, but asking the court to review whether the district court complied with Fed. R. Crim. P. 11 in the plea colloquy and whether plain error occurred at sentencing. Wilson filed a supplemental pro se brief arguing that he should have been sentenced under the Fair Sentencing Act of 2010[1] (the FSA) and raising an additional claim of error at sentencing.[2] Subsequently, the United States filed an unopposed motion to remand for resentencing, setting forth its new position that the FSA applies to all defendants who, like Wilson, were sentenced after its August 3, 2010 effective date.

---

[1] The Fair Sentencing Act of 2010 increased the threshold quantities of cocaine base needed to trigger certain mandatory minimum sentences.

[2] We find to be without merit Wilson's claim that the district court erred by including in his criminal history score convictions for which Wilson paid a fine rather than face imprisonment. The district court correctly calculated Wilson's criminal history category.

We affirm Wilson's conviction. Based on our consideration of the materials submitted, we grant the motion to remand, vacate the criminal judgment, and remand this case to the district court to permit resentencing. By this disposition, however, we indicate no view as to whether the FSA is retroactively applicable to a defendant like Wilson whose offenses were committed prior to the effective date of the Act, but who was sentenced after that date, leaving that determination in the first instance to the district court.

In accordance with Anders, we have reviewed the record in this case and have found no other meritorious issues for appeal. This court requires that counsel inform Wilson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

3